IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Mark Hayhurst,<br>    Plaintiff,<br><br>vs.<br><br>Union Pacific Railroad Co.,<br>    Defendant. | CASE NO. 8:19-CV-00220<br><br>**JOINT STIPULATED PROTECTIVE ORDER** |

This matter is before the Court on the parties' Joint Motion for Stipulated Protective Order, (Filing No. 25). This motion is granted.

Accordingly, a Protective Order is entered as follows:

1. DEFINITIONS: Limitations under this protective order on the use or disclosure of documents, deposition testimony or other discovery designated as "confidential" shall apply to (a) all information, copies, extracts, and complete or partial summaries prepared or derived from such documents or testimony; (b) portions of deposition transcripts, answers to interrogatories, responses to requests for admissions, responses to requests for production, initial disclosures and exhibits thereto which directly refer or directly relate to any such information, documents, copies, extracts or summaries; and (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which directly relate to nay such information, documents, copies, extracts or summaries.

2. CONFIDENTIAL DOCUMENTS: Before produced documents are copied or inspected, the producing party may stamp "Confidential" any documents or deposition

1

testimony it believes contains confidential information concerning nonparties, confidential or proprietary business information and/or trade secrets in order to limit disclosure as set forth in Paragraph 2. Documents may also be designated as "Confidential" by written notice to opposing counsel which identifies the documents so designated by Bates number. Documents designated "Confidential," deposition testimony so designated, and information derived therefrom will be retained by counsel and will not be used for any purpose other than this litigation and will not be disclosed excerpt pursuant to Court order entered after notice, to anyone except:

   a. Counsel who have signed the Order approving it as to form and content, attorneys who are employed or are members of law firms of counsel who have signed this Order, in house counsel, law clerks, secretaries or paralegals directly involved in the conduct of this litigation;

   b. Experts and consultants retained by either of the parties for the purposes of assisting in the preparation or presentation of claims or defenses;

   c. Any deposition or trial witness, during the course of deposition, pretrial investigation or trial testimony, when necessary to the testimony of such witness;

   d. Any person who was involved in preparation of the document;

   e. The Court, Court personnel, court reporters and similar personnel;

   f. The named parties to this case, excluding their agents and/or representatives except those identified at Paragraph 2(a) above;

   g. Any other person with the prior written consent of the party producing the document, pleading or deposition testimony; and

    h. Any witness whom counsel needs to question concerning a document or information for the purpose of the case.

    i. Outside independent persons (*i.e.*. persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its attorneys to provide assistance as mock jurors or focus group members or the like, to furnish technical or expert services, and/or to give testimony in this action.

Prior to receiving or being shown such documents or deposition testimony, persons falling in the categories listed above in subparagraphs (b), (g) and (i) shall be shown a copy of, and shall agree in writing, or on the record during trial or deposition, to be bound by the terms of this Protective Order.

3. <u>DOCUMENTS ALREADY PRODUCED</u>: Within fourteen (14) days of the entry of this Order, the parties may inform the party to whom documents have been produced that it considers certain documents already produced or deposition testimony as being subject to this Order as "Confidential."

4. <u>THIRD PARTY WITNESS</u>: A copy of this Protective Order shall be served with a subpoena or Notice of Deposition on each third party deponent. A third party witness may designate a document as "Confidential" pursuant to this Order by stamping it with such notice prior to production or so identifying it on the record during the deposition of that third party. Either party may also designate documents produced by a third party as being "Confidential" pursuant to the terms of this Order within fourteen (14) days of being made aware of the content of such documents. Any document produced by a third party shall be treated as "Confidential" pursuant to the terms of this Order for

such fourteen (14) day period and thereafter if designated as "Confidential" by either party or by the third party which produces it. The "Confidential" restrictions of this Order shall no longer apply to any document produced by a third party which has not been designated as "Confidential" by the third party or by a party within such fourteen (14) day period.

5. <u>CHALLENGE TO DESIGNATION</u>: Any party may challenge the "Confidential" designation of any document, by notifying all interested parties and providing the producing party fourteen (14) days in which to move the Court for an Order preventing or limiting disclosure. The parties shall attempt to resolve such disagreement before submitting it to the Court. If the producing party files such a motion within such time, the documents shall continue to be treated "Confidential" pursuant to the terms of this Order until such time as the Court has made a ruling with respect o the motion. If no motion is filed within that time the "Confidential" restriction of this Order shall no longer apply to such document.

6. <u>RETURN OF DOCUMENTS</u>: Within sixty (60) business days after the final resolution of this litigation, including all appeals, all documents and copies of the same designated "Confidential" shall be destroyed or returned to counsel for the producing party. Upon request, each party will provide a signed statement reflecting such deposition. However, attorneys shall be entitled to retain for up to seven (7) years one copy of all documents generated or produced in connection with the action, for purposes of defending against any potential malpractice allegations. This Order shall not terminate upon the conclusion of this action but shall continue until the further order of the Court or until the party claiming confidentiality has waived the same in writing.

7. USE OF DOCUMENTS: Confidential documents produced by any party, and information from any confidential documents acquired in discovery in this litigation, shall not, be used for any purpose except in connection with this litigation pending in the United States District Court for District of Nebraska. Case No. 8:19-CV-00220, styled *Mark Hayhurst v. Union Pacific Railroad Co.* Nothing in this Order shall limit any party or person in its use of its own documents or from disclosing its own documents and information. This Order or production of any documents shall not affect the admissibility of any such document or be deemed a waiver of any objection to the admissibility of such documents.

8. EXCEPTIONS: The restrictions embodied in this Order shall be binding on the party whom "Confidential" information is disclosed unless and until there is a showing that:

    a. Such information was or has become public knowledge absent a breach of this Protective Order; or

    b. The party to whom such disclosure was made had already learned such information form a third party who himself has not breached any confidential relationship which may have existed or exists between such third party and the party making the disclosure.

9. PROTECTED HEALTH INFORMATION: The parties acknowledge that some of the information produced in this case may be protected health information within the meaning of HIPAA. Consistent with 45 C. F. R. § 164.512(e)(1)(iv)(v):

    a. Counsel and the party seeking protected health information shall not use or disclose the protected health information for any purpose other than the litigation or proceeding for which such information has been requested.

b. Counsel and the party requesting the protected health information shall return or destroy the protected health information (including all copies made) at the end of the litigation or proceeding.

   c. Counsel and the party requesting the protected health information shall request, use and disclose only the minimum necessary protected health information to conduct the litigation or proceeding.

   d. Any information or documentation that falls within the meaning and protection of HIPAA need not be designated or stamped as "Confidential." Rather, the parties agree that any such information or documentation will automatically be treated as Confidential.

10. <u>FILING UNDER SEAL WITH THE COURT</u>: If any transcripts of depositions, answers to interrogatories, motions, briefs, documents produced, or other pleadings that are to be filed with the Court include copies of Confidential Material subject to this Order or summarize material from such documents, the party causing the Confidential Material to be filed shall file it in non-public status through ECF or otherwise meet the requirements of Local Rule 5.1(g) concerning filing materials under seal.

11. <u>NON-EXCLUSIVITY</u>: This Order does not affect the right of a party to seek to compel disclosure or production of a document or to seek an order modifying or limiting this Order in any aspect. The obligations and prohibitions under this Order are not exclusive. All other ethical, legal and equitable obligations are unaffected by this agreement.

12. <u>WAIVER</u>: Any waiver under this Order must be made in writing or. If at a disposition or in Court, on the record.

13. NO ADMISSION: A party's compliance with the terms of this Order shall not operate as an admission that any particular Document is not (1) confidential, (2) privileged, or (3) admissible in evidence at trial.

14. USE AT TRIAL: The use, rules, and procedures governing the use of Confidential information at trial shall be determined by the Court at the final pretrial conference.

DATED this 30th day of July, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge